UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-00360-PA-JDE | Date | March 11, 2026 |
|---|---|---|---|
| Title | Xu Tao v. Thomas Homan, et al. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Amber Rodriguez | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| n/a | n/a |

**Proceedings:**   (In Chambers) Order to Show Cause re Dismissal

On January 28, 2026, Xu Tao ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his "ongoing civil immigration detention" by Respondents, alleging that his detention without an individualized hearing violates due process. Dkt. 1 ("Petition"). Petitioner requests that the Court declare his ongoing detention violates the Fifth Amendment and order Respondents to provide him with a "constitutionally adequate bond hearing," or alternatively, order his immediate release. Id. at 7-8 (CM/ECF pagination).

On February 27, 2026, the Honorable Percy Anderson, United States District Judge, granted Petitioner's "Emergency Motion for Immediate Release," ordering Respondents to provide Petitioner with an individualized bond hearing before the Immigration Court within seven days. Dkt. 14 ("Order"). On March 6, 2026, Petitioner filed an "Emergency Motion to Enforce Preliminary Injunction and for Immediate Release" ("Motion"), seeking an order enforcing the Order. Dkt. 15. Respondents filed an Opposition to the Motion on March 9, 2026, contending that Petitioner was scheduled for a bond hearing in compliance with the Order and arguing that the action is now moot. Dkt. 16. In support of their Opposition, Respondents attached a Notice of Custody Redetermination Hearing in Immigration Proceedings ("Notice") and an Order of the Immigration Judge. The Notice states that Petitioner was scheduled for a custody redetermination hearing on March 6, 2026 and notice was served on February 27, 2026. Dkt. 16-1. The Order of the Immigration Judge states, "At the scheduling hearing, [Petitioner] withdrew his request for bond without prejudice since he was unprepared and did not have any documents to file." Dkt. 16-2. It also noted that Petitioner was previously provided an individualized bond hearing on January 16, 2026, at which the Immigration Judge found the government had "met its burden to establish that [Petitioner] is such a substantial flight risk that no amount of bond would be appropriate," citing multiple reasons for this finding. Id. Petitioner did not appeal that decision to the Board of Immigration Appeals. Id.

On March 10, 2026, Judge Anderson denied the Motion, finding Petitioner was not entitled to further relief as he was provided with the relief ordered by the Court. Dkt. 18. The issue of mootness, as well as the remaining claims in the Petition, were referred to the undersigned for consideration. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-00360-PA-JDE | Date | March 11, 2026 |
|---|---|---|---|
| Title | Xu Tao v. Thomas Homan, et al. | | |

    "Article III of the Constitution limits the jurisdiction of federal courts to 'actual, ongoing cases or controversies.'" United States v. Yepez, 108 F.4th 1093, 1099 (9th Cir.) (citation omitted), cert denied, 145 S. Ct. 459 (2024). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" Rosebrock v. Mathis, 745 F.3d 963, 971 (9th Cir. 2014) (citation omitted). This may occur when interim relief deprives the Court of the ability to redress the party's injuries. See United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987).

    The crux of the Petition was that Petitioner was unlawfully detained without being provided an individualized bond hearing. Petitioner sought an individualized bond hearing or his immediate release. As Petitioner has been provided a bond hearing, it appears the Petition is now moot. As such, Petitioner is ORDERED TO SHOW CAUSE, in writing, within 14 days from the date of this Order, why this action should not be dismissed as moot. Petitioner may comply with this Order by filing a Notice of Voluntary Dismissal of the Action, which may be without prejudice.

    IT IS SO ORDERED.

| | Initials of Courtroom Deputy | ARO |
|---|---|---|